Waring, *et al.* *vs.* Turton, Trustee.

(Decided 12th May, 1876.)

VIOLETTA L. WARING, and others *vs.* JOHN E. TURTON, Trustee.

*Appeal—Application for a Rehearing—Equity Practice—Interlocutory orders may be Revoked upon petition—Trustee appointed to Execute a deed—Trustee proper Party to institute proceedings to Recover unpaid Purchase money.*

A testator devised a portion of his real estate to his children, in fee-simple, subject to the right of dower therein of his widow. On a bill filed by two of the devisees against the others, alleging that the real estate so devised, was not susceptible of division, and praying that the same might be sold, and the proceeds divided, a decree was passed for the sale thereof, and W. H. T. was appointed trustee to make the sale. The trustee sold the land, in differ-

ent parcels and to different persons. A part was sold to J. L. W. The sales were reported to, and finally ratified by, the Court, and the case was referred to the auditor to distribute the trust fund. The auditor filed his report and account, in which he charged the trustee with the whole proceeds of sales, and allowing for expenses, &c., distributed the residue among the devisees. The report of the auditor was ratified, and the trustee was directed to apply the proceeds of sale accordingly. J. L. W. died in September, 1848, and in the November following, letters of administration upon his estate were granted to his widow. In April, 1855, the infant children of J. L. W. by their mother and next friend, filed a petition setting forth the purchase by their father, his subsequent death, and that a portion of the purchase money had been paid by him in his life-time, and the balance by his administratrix since his death, and praying an order directing the trustee to execute to them a deed for the same. Appended to the petition was a certificate of the trustee, admitting the payment of the entire amount of the purchase money, and consenting to the passage of the order prayed for. Upon this petition and certificate, the Court on the 6th of April, 1855, passed an order directing the trustee to execute a deed. On the 16th of August, 1855, the trustee died without having executed a deed, and on the 19th of February, 1856, another petition was filed by the mother and next friend of the infant children, setting forth the death of the trustee, and praying the appointment of another trustee to execute the deed, in conformity with the order of the 6th of April, 1855, and thereupon an order was passed on the 19th of February, 1856, appointing J. E. T. trustee in the stead of W H. T. deceased, and directing him to convey the said real estate to the minors in fee-simple. On the 30th of August, 1869, J. E. T., the trustee filed a petition charging that the certificate and admission of the former trustee, of the payment of the purchase money by J. L. W. and his administratrix was false, and claiming that there was still due by J. L. W. to B. F. T. and M. W. T., two of the devisees, respectively, a balance on account of their distributive shares of the purchase money, for a part of the land purchased by J. L. W. designated as Lot No. 2, and praying a decree for a re-sale of said lot in default of payment of the said alleged balance, by the heirs-at-law of J. L. W., deceased. Accompanying the petition were two accounts, showing the balances due as alleged. To this petition the widow and children of J. L. W. filed their answer on the 15th of January, 1870, denying that any balance was due on account of the real estate purchased by J. L. W., and charging that if any such were due, his personal estate, which was more than sufficient to pay all of his indebtedness, was first liable, and should be exhausted before the real estate could be made liable. The answer also denied the right of the trustee to file said petition, he having been appointed trustee for

the sole purpose of executing a deed. Other defences were taken. After testimony taken, and a hearing, the Court, on the 23rd of April, 1875, filed its opinion, accompanied by an order without signature, rescinding the orders previously passed directing the execution of a deed to the heirs of J. L. W., and requiring them to bring into Court, the amounts alleged to be due to B. F. T. and M. W. T., or show cause to the contrary by a day specified, and in default thereof, ordering and decreeing a re-sale of Lot No. 2. On the 7th of June, 1875, the widow and surviving children, together with the husband of the deceased daughter, filed reasons showing cause why they should not be required to pay the said sums of money, and why the real estate should not be sold for the payment of the same. At the same time they filed their petition alleging that they had recently discovered proof, full and conclusive, not only that all the purchase money for said land had been paid to the trustee in his life-time, but that he actually surrendered the bonds which had been executed by J. L. W. and his sureties for the purchase money, and they prayed for a rehearing of the cause. On the 16th of July, 1875, this petition was dismissed by the Circuit Court, and on the same day the order previously filed on the 23rd of April, 1875, was signed *nunc pro tunc*, as of the last named date, and the Court passed an order requiring that the sums of money mentioned in their previous order should be brought into Court by a day named, and in default thereof that the said real estate should be resold as therein directed. On appeal from this last order, and from the order of the same date, dismissing the petition for a rehearing, and from the order of the 23rd of April, 1875, it was HELD :

1st. That no appeal would lie from the order dismissing the petition for a rehearing.

2nd. That the orders of the 6th of April, 1855, and the 19th of February, 1856, directing the trustee to execute a deed were not in their nature final, but interlocutory merely ; and it was in the power of the Court at any time during the progress of the cause to revoke them, upon petition, upon being satisfied that they had been improperly passed ; and especially where, as alleged, they were passed upon false or erroneous representation of the facts upon which they were based.

3rd. That although J. E. T. was appointed trustee only for the purpose of executing a deed, yet having been appointed trustee in the place of W. H. T., deceased, it was his duty, if he believed that the purchase money had not all been paid, to forbear to execute the deed, and make known to the Court the facts which had come to his knowledge, and ask for directions in the case ; and it was competent for the Court to clothe him with the power to complete the trust by collecting any balance of purchase money remaining unpaid, before executing the deed.

Waring, *et al. vs.* Turton, Trustee.

4th. That as it was a proceeding to collect money alleged to be due from J. L. W. and his representatives, as balance of the purchase money of Lot No. 2, the trustee was the proper person to institute proceedings for its recovery, and it was not necessary to make the other purchasers, or B. F. T. and M. W. T., parties.

5th. That the proof in the cause was not sufficient to establish the claim of the trustee for unpaid purchase money of Lot No. 2.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*Joseph K. Roberts, Jr.* and *William H. Tuck,* for the appellants.

Under the pleadings and proof in the cause, the Court below was not authorized to pass either the order of the 23rd of April, 1875, or the final decree of the 16th of July, 1875. The claimants, Mortimer W. and Benjamin F. Turton, should have filed a bill of review, praying a rescission of the orders of the 6th of April, 1855, and the 19th of February, 1856. *Gibbs vs. Cunningham,* 4 *Md. Ch. Dec.,* 322 ; *Dunnock vs. Dunnock,* 3 *Md. Ch. Dec.,* 140 ; *Pinkney vs. Jay,* 12 *G. & J.,* 69 ; 2 *Bland,* 45 ; 1 *Bland,* 236 ; *Pfeltz vs. Pfeltz,* 1 *Md. Ch. Dec.,* 455 ; *Ducker vs. Belt,* 3 *Md. Ch. Dec.,* 13 ; *Stewart vs. Beard,* 3 *Md. Ch. Dec.,* 227 ; *Young's Estate,* 3 *Md. Ch. Dec.,* 461 ; *Barton's Suit in Equity, page* 148, *under head of Decree in Equity.*

The orders of the 23rd of April and 16th of July, 1875, were both erroneous, because the effect of them was to enforce the whole of the claims of Mortimer W. Turton and Benjamin F. Turton, against that portion of the real

estate purchased by John L. Waring, described as Lot No. 2, whereas the dividends of the said Mortimer W. and Benjamin F. Turton, comprise their proportion of the proceeds of sales of all the real estate sold by Wm. H. Turton, the trustee, including both the first lot sold to Waring, and the two lots sold to Francis E. Mudd and Jas. Thomas.

John E. Turton having been by the order of 19th of February, 1856, appointed trustee, simply to execute the deed, he had no right as such to file the petition of the 30th of August, 1869, or prosecute the same. Mortimer W. and Benjamin F. Turton should have been parties to the proceeding. *Story on Agency, secs.* 18, 19; *Whitehead vs. Tuckett,* 15 *East.,* 400 and 408.

The claims of Mortimer W. and Benjamin F. Turton are barred by limitations, and ought not to be enforced after such a lapse of time, and such *laches* as that of which they have been guilty, even had they a proper claim against said real estate. *Chapman vs. Hawkins,* 36 *Md.,* 83, 91; *Angel on Limitations, p.* 95, *sec.* 15; *Barry vs. Barry,* 1 *Md. Ch. Dec.,* 20.

The Court ought to have granted a rehearing of the cause prayed for by the appellants, and erred in dismissing their petition, the petition having been filed before the decree or order of the 23rd day of April, 1875, was actually *signed and enrolled. Hollingsworth vs. McDonald,* 2 *H. & J.,* 230.

*Daniel Clarke,* for the appellee.

An appeal does not lie from the order of the Court dismissing the petition for a rehearing; a rehearing of the cause is a matter in the discretion of the Court. *Alexander's Chancery Practice,* 178; *Story's Equity Pleadings, sec.* 421, and cases referred to in notes; *Hughes vs. Jones,* 2 *Md. Ch. Dec.,* 289.

John E. Turton, the trustee, appointed under the order of the 19th of February, 1856, to convey the real estate to

the petitioners, having become satisfied prior to making the conveyance of the non-payment of the purchase money, it was clearly his duty to make the fact known to the Court, as he did in his petition, filed the 30th of August, 1869. To have made the conveyance after becoming acquainted with the facts detailed in his petition, would have been a breach of his duty as an officer of the Court. He was the proper party to file the petition, and bring these facts to the knowledge of the Court.

While under the order of the 19th of February, 1856, he was clothed with the simple power to convey the property ; and without the further order of the Court, he had no right to collect the balance of the purchase money, he had clearly the right to ask the Court to clothe him with further power ; and the Court, upon the facts set forth in his petition, and upon the prayer for such further and other relief as the case might require, had the right and jurisdiction to grant the relief given by the order or decree filed the 23rd of April, 1875.

When the Court is satisfied that the purchase money has not been fully paid, and still retains the title, and is further satisfied that the order for the deed was obtained by a misrepresentation of the facts to the Court, it has the clear right to revoke the order, and possesses the power to enforce payment of the purchase money, before permitting its officer to part with the title. *Bolgiano vs. Cooke,* 19 *Md.,* 375 ; *Speed vs. Smith,* 4 *Md. Ch. Dec.,* 299 ; *Andrews vs. Scotten,* 2 *Bland,* 629 ; *Sewall vs. Costigan,* 1 *Md. Ch. Dec,,* 208 ; *Goldsborough vs. Ringgold,* 1 *Md. Ch. Dec.,* 239.

The orders of the 6th of April, 1855, and 19th of February, 1856, were not such final orders or decrees as could only be revoked or set aside by an appeal from the same, but they were orders passed in the progress of the cause which could be revoked at any time when the Court was satisfied that they were improperly passed. *Dawes vs. Thomas,* 4 *Gill,* 334.

The Statute of Limitations does not apply in this case, the proceedings involving the execution of a trust and being still pending. *Young & Wife vs. Mackall*, 4 *Md.*, 362 ; *White vs. White*, 1 *Md. Ch. Dec.*, 53 ; 2 *H. & G.*, 323.

BARTOL, C. J., delivered the opinion of the Court.

It appears by the record in this case, that John A. Turton of Prince George's County died in 1842, seized of a large quantity of land, in that County, and leaving his last will, whereby among other bequests, he devised a portion of his real estate to his children, *Violetta*, wife of John L. Waring ; *Susanna W.*, wife of Francis E. Mudd ; *Richard, Priscilla, Amanda, John E., Benjamin F.* and *Mortimer W.*, in fee-simple, subject to the right of dower therein of his widow, *Almira Turton*. On the 4th day of May 1843, a bill was filed by John L. Waring and wife, and others, against the other devisees, alleging that the real estate so devised to them was not susceptible of division, and praying that the same might be sold and the proceeds divided. A decree was passed on the 11th day of April 1844, for the sale of the real estate, and William H. Turton was appointed trustee to sell the same.

The trustee sold the land mentioned in the proceedings, in different parcels and to different persons, as follows : To Francis E. Mudd a part of a tract called *"Boones,"* and described as " Lot No. 3," containing 223 acres 26 perches for $9.50 per acre, amounting to the sum of $2,130.04. To John L. Waring he sold part of the same tract, containing 222 acres 26 perches for $9.50 per acre, amounting to $2,120.54. He afterwards sold to John L. Waring a portion described as " Lot No. 2," containing 459 acres 19 perches for the sum of $10,000, and that portion described as " Lot No. 4 " to James Thomas for the sum of $100. All of which sales were reported to, and finally ratified by, the Court, and the case was referred to

the auditor to distribute the trust fund.   On  the  4th  day
of November 1846, the auditor filed  his  report  and  "Ac-
count A." in which he charged W. H. Turton the trustee,
with the whole proceeds of sales, amounting to the sum of
$14,350.58,  and  allowing  for  expenses,  &c.  distributed
the residue among  the aforesaid  devisees  of  John  A.  Tur-
ton, giving to each the sum of $1933.18$\frac{1}{7}$.

On the 20th day of April 1847, this report of the audi-
tor was ratified, and the trustee was directed to apply  the
proceeds of sale accordingly.

The terms of the sales made to Francis E. Mudd and
John L. Waring, were that the purchase money should be
paid in equal  instalments in *one, two, three, four* and *five*
years, counting from the first day of January 1845 ;  so
that the whole purchase money fell due  by the first day of
January 1850.   John L. Waring died in September 1848,
and in the November  following  letters of administration
upon his estate were granted to his widow *Violetta Waring*.

On the 6th day of April 1855, Thomas G., John and
Amanda the infant children of John L. Waring, by Vio-
letta their mother and next friend, filed a petition  setting
forth the purchase by their father of the aforesaid 459 acres
and 19 perches of land, his subsequent death, and  stating
that  a  portion of the purchase money had  been  paid by
him in his life-time, *and  the  balance  by  his administratrix
after his death*, and praying an order directing  the trustee
to execute to them a deed for the same.

Appended to this petition is a certificate of W. H. Tur-
ton the trustee, *admitting the payment of the entire amount
of the purchase money for the said  tract of  land, and con-
senting to the passage of  the order prayed for.*   Upon this
petition and certificate, the Court on the 6th day of  April
1855,  passed  an  order  directing  the trustee  to execute a
deed.   Francis E. Mudd having also died, a similar peti-
tion was filed by his widow and children, to which was
appended a  similar certificate of the trustee, and upon

Waring, *et ol. vs.* Turton, Trustee.

which a similar order was passed by the Court on the same day.

William H. Turton the trustee died on the 16th day of August 1855, without having executed a deed, and on the 19th day of February 1856, another petition was filed by Violetta Waring as next friend of her infant children, setting forth the death of William H. Turton, and praying the appointment of another trustee to execute the deed in conformity to the order of the 6th of April 1855, and thereupon an order was passed on the 19th day of February 1856, appointing John E. Turton trustee in the stead of William H. Turton deceased, and directing him to convey the said real estate to the minors in fee-simple.

No further proceedings appear to have been had for a period of more than thirteen years, and on the 30th day of August 1869, John E. Turton the trustee filed a petition setting forth the fact of the purchase by John L. Waring of "*Lot No.* 2 containing 459 acres 19 perches for $10,000, the distribution of the fund by the auditor's report and Account A, by which as alleged, Benjamin F. and Mortimer W. Turton were each allowed the sum of $1,932.57 with interest from January 1st, 1845; charging that the certificate and admission of the former trustee of the payment of the purchase money by John L. Waring and his administratrix, was false, claiming that after allowing sundry credits there was still due by John L. Waring, to Benjamin F. Turton the sum of $368.36 with interest from December 8th 1852; and to Mortimer W. Turton the sum of $956.95 with interest from the 23rd day of May 1859, *on account of their distributive shares of the purchase money for the aforesaid "Lot No.* 2"; and praying a decree for a resale of "Lot No. 2" in default of payment of the said alleged balances, by the heirs at law of John L. Waring deceased.

Accompanying the petition are two accounts marked respectively "*Exhibits* B. F. T. and M. W. T." in each

of which John. L. Waring is charged with "Am't due for land purchased by decedent $1932.57," and interest thereon from January 1st, 1845; and after allowing sundry credits, showing the balances due as above stated. These accounts are verified by the oaths of Benjamin F. Turton, and Mortimer W. Turton respectively, and appear to have been exhibited in the Orphans' Court against the estate of John L. Waring as they each have the order of the Orphans' Court endorsed thereon dated March 19th, 1867, " that they will pass when paid."

To this petition the appellants, the widow and children of John L. Waring filed their answer on the 15th day of January 1870, denying that any balance was due on account of the real estate purchased by John L. Waring, and charging that if any portion of the purchase money was due as claimed, the personal estate of John L. Waring deceased, which was more than sufficient to pay all of his indebtedness, was first liable, and should be first exhausted, before the said real estate could be made liable ; also denying the right of John E. Turton, the trustee, to file said petition, he having been appointed trustee for the sole purpose of executing a deed. The appellants also plead the Statute of Limitations, and rely upon the same, and also upon a possession of twenty years of the land as a bar to the remedy sought by the trustee. A general replication was filed, and proof taken—and the Circuit Court upon the hearing of the cause on the 23rd day of April 1875, filed their opinion accompanied by an order *without signature*, rescinding the orders previously passed directing the execution of a deed to the heirs of John L. Waring, and requiring them to bring into Court the amounts alleged to be due to Benjamin F. and Mortimer W. Turton, or show cause to the contrary on or before the first Monday of June, 1875, and in default thereof ordering and decreeing a resale of " Lot No. 2."

On the 7th day of June, 1875, the appellants filed as reasons, showing cause why they should not be required

Waring, *et al. vs.* Turton, Trustee.

to pay the said sums of money, and why the real estate should not be sold for the payment of the same, &c. 1st. "Because no order of the Court had been signed by the Judges or either of them, requiring the appellants to bring said money into Court, and on failure thereof, decreeing a sale of the real estate for the payment of the same."

2nd. "Because the respondents have filed their petition in this Court under oath, stating that since the argument of this cause, and the last hearing of the same, they have discovered additional proof unknown to these respondents at the time of the argument and hearing, which shows conclusively, the payment in full of the whole purchase money for said real estate, and praying a rehearing of the cause upon said supplemental proof which they are prepared to furnish to the Court without delay." At the same time they filed their petition, alleging "that since the filing of the Court's opinion (of April 23rd 1875,) the petitioners have discovered proof full and conclusive, not only that all the purchase money for said land was in fact paid to Wm. H. Turton, the trustee, in his life-time, but that he actually surrendered the bonds which had been executed by John L. Waring and his sureties for the purchase money, and your petitioners are now prepared to bring into Court said bonds, receipts and evidences of payment."

"They further state that they were not aware of the existence of said proof until within a few days past, the said proof and papers being in the possession of said Violetta Waring an old and infirm lady, the widow and administratrix of the said John L. Waring, and were accidentally found by your petitioners, after a long search through a great mass of papers in the possession of said administratrix, connected with the settlement of her late husband's estate.

"They further allege that it appears from an endorsement on the last bond given by John L. Waring and his sureties, for the payment of the purchase money, and

which fell due on the first day of January 1850, and from an affidavit of said William H. Turton attached to the said bond, bearing date the 13th day of August 1853, that there was then due on said last note or bond $654.13, which said bond was also surrendered to the said administratrix by William H. Turton, and they pray for a rehearing of the cause.''

This petition was on the 16th day of July 1875, dismissed by the Circuit Court, and on the same day the previous order filed on the 23*rd day of April* 1875, was signed *nunc pro tunc* as of the last named date, and on the same day the Circuit Court passed an order requiring that the sums of money mentioned in their previous order should be brought into Court by the first day of August next ensuing, and in default thereof, that the said real estate be resold as therein directed.

From this last order an appeal' was taken, and also from the order of the same date dismissing the petition for a rehearing, as also from the order dated the 23rd day of April 1875.

As to the petition for a rehearing, such applications being addressed to the discretion of the Court, its decision thereon is not a matter for review on appeal.  In *Alexander's Ch. Pr.*, 178, it is said : "It is always in the discretion of the Court to grant or to refuse a rehearing.'' In *Hughes vs. Jones*, 2 *Md. Ch. Dec.*, 298, Chancellor Johnson correctly said : "These applications address themselves to the sound discretion of the Court, and do not rest upon a foundation of strict right which may not be disregarded.''

No case has been cited in which this Court has entertained an appeal from an order of this kind, and it is clear, from the nature of the proceeding that such appeal ought not to be entertained.  It is analogous to a motion for a new trial at common law, and no appeal lies from the decision thereon.

In this case the order of April 23rd 1875, had not been actually signed by the Judge, when the petition for re-hearing was made, but that fact does not take the case out of the general rule. The order was filed accompanied with the opinion of the Judge, showing that it was designed as a final decision of the case. The omission of the signature was from mere accident or inadvertence, which could afterwards be corrected, and this was done by affixing the signature. So far as respects the question upon the petition for a rehearing, the case stands as if the order had been signed on the day of its date.

Upon the appeal from the order of the 23rd of April 1875, several questions have been presented for our consideration.

1st. It has been contended on the part of the appellants, that the previous orders of the 6th of April, 1855, and the 19th February 1856, directing the trustee to execute a deed, were in their nature *final orders*, and having been enrolled, could not be rescinded or revoked upon petition; and that a bill of review ought to have been filed by the parties claiming the money, and for this we have been referred to *Burch vs. Scott*, 1 G. & J., 393; *Pinkney vs. Jay*, 12 G. & J., 69, and several other cases cited under the 1st point of the appellants' brief; but in our judgment, these decisions have no application to this case. The orders of April 1855, and February 1856, were not in their nature final, but interlocutory merely; and it was in the power of the Court at any time during the progress of the cause to revoke them, upon being satisfied that they had been improperly passed; and especially where as alleged in this case, they were passed upon a false or erroneous representation of the facts upon which they were based.

In our judgment a bill of review was not necessary in this case; and there is no valid ground of objection to the form of proceeding by petition. The previous orders

being interlocutory merely, the Court had power upon good cause shown to revoke them.

2nd. It has been argued that the appellee having been appointed trustee only for the purpose of executing a deed, had no power or authority to file the petition of August 30th 1869. To this it may be answered that having been appointed trustee in the place and stead of W. H. Turton deceased, it was his duty if he believed that the purchase money had not all been paid, to forbear to execute the deed, and make known to the Court the facts which had come to his knowledge, and ask for directions in the case; and it was competent for the Court to clothe him with the power to complete the trust by collecting any balance of purchase money remaining unpaid, before executing the deed. He is but the hand or agent of the Court who are the vendors.

3rd. In our opinion the trustee was the proper party to file the petition, and it was not necessary that Benjamin F. Turton and Mortimer W. Turton should be made parties, nor that the other purchasers or their representatives should be parties to the cause.

This is not a proceeding to collect money due from John L. Waring deceased, to B. F. and M. W. Turton, but money alleged to be due from John L. Waring and his representatives, as balance of the purchase money of "Lot No. 2." Considering it in that light, and it can be regarded in no other, the trustee was the proper party to institute proceedings for its recovery; there was no necessity for bringing in the other purchasers or making B. F. and M. W. Turton parties. It appears that these last claim that the same amounts alleged to be due from the appellants as a balance of purchase money, are due to them on account of their dividends of the whole proceeds of sales made by the original trustee; but their claim must be against the trustee not against the appellants, for between these there is no privity. In a proceeding of this kind by

a trustee to enforce the payment of purchase money, it is not necessary that the *cestuis que trust*, who may be entitled to the fund should be made parties. The only questions remaining to be determined are 1st. Whether there is a balance of purchase money actually remaining unpaid? and 2nd. Whether there have been such *laches* and delay as to preclude the trustee from enforcing its payment.

As we have reached a different conclusion upon the *first* of these questions from that arrived at by the Circuit Court; it will not be necessary to express any opinion upon the *second* question.

In our judgment the proof in the cause is not sufficient to establish the appellee's claim for unpaid purchase money of "Lot No. 2."

Before examining the evidence in the cause it is proper to state that a good deal of that offered by the appellee was in our opinion inadmissible, and exception having been filed thereto by the appellants it has been excluded from our consideration as follows:

The answers of *John E. Turton* and *Benjamin F. Turton* to the "4th interrogatory" in which they relate the conversations of *W. H. Turton*, the trustee. These conversations were not in the presence or hearing of the appellants or any of them, nor does it appear that they had any knowledge of or connection with them, it is very clear that all the statements of W. H. Turton so made to the witnesses, are inadmissible and must be excluded.

The answer of *John E. Turton* to the "6th interrogatory" in which he refers to "*Exhibits* B. F. T.," and "M. W. T." and states that "*that they were made out by Henry Brooke and witness from a list of credits furnished witness by Mrs. Violetta Waring in or about* 1859 *or* 1860." The fatal objection to this testimony is that the list of credits spoken of not being produced, the statement of the witness with regard thereto is secondary evidence only and therefore inadmissible.

Excluding the testimony to which we have referred the case stands upon the proof without any explanation of the circumstances under which the certificate of the original trustee W. H. Turton was given. That certificate, while it is not conclusive, but open to explanation and subject to be contradicted or rebutted, yet it is strong *prima facie* evidence throwing upon the appellee the *onus* of disproving it. In our judgment the proof offered by the appellee has failed to establish satisfactorily that the balances claimed are due from the appellants on account of the purchase money of "Lot No. 2." There is no legal or competent evidence binding the appellants, by admission or otherwise, to the statements "*B. F. T.*" and "*M. W. T.*" There can be no doubt upon the testimony that the balances therein stated are due to Benjamin F. and Mortimer W. Turton out of their dividends of the proceeds of sales, but there is no sufficient evidence to prove that these balances are due on account of the purchase money of "Lot No. 2." The only testimony relied on for this purpose are alleged admissions made by some of the appellants in 1866 and 1867, to the effect that there "was a balance due on the land." These admissions are denied by the witnesses Mrs. Waring, and Dr. John L. Waring, the parties by whom they are alleged to have been made—who state that they have no recollection of having made them, and state further that they did not know that any balance was due.

But giving to the testimony of the appellee's witnesses on this subject, all the weight which can be claimed for it, it is too vague and indefinite to sustain the claim of the appellee, or to countervail the certificate and admission of W. H. Turton filed on the 6th day of April 1855.

For these reasons a decree will be passed reversing the order of the Circuit Court passed on the 23rd day of April 1875, and also the order passed on the 16th day of July 1875, requiring the money to be brought into Court &c., and the cause will be remanded to the end that a deed may

be executed by the appellee as prayed ; but without costs to the appellants on this appeal.

*Reversed and remanded.*

(Decided 8th June, 1876.)