(Decided 7th February, 1890.)

JOSEPH M. CONE *vs.* ROBERT CROSS and MARY JANE CROSS.

*Fraudulent conveyance.*

A person largely indebted, sold all his property to his sister for about one-third of its value. It was not clear from the evidence that the sister knew of her brother's intention to defraud his creditors. She was the only witness as to the facts connected with the sale, and she said her brother sold the property because he was going to California. Nothing was said about the price, or the terms of payment, till just about the execution of the deed, when it was agreed between them that the property was worth four thousand dollars. The sister had been living with her brother forty years, and a part of that time kept his accounts, he being a blacksmith; and after the death of his wife she looked after the household affairs, and she deemed these services worth two thousand dollars, and this sum her brother allowed her in part payment of the purchase money. The balance she paid in cash. The brother did not go to California, but remained in the dwelling house nearly a year after the sale, without paying rent, and then went to Prince George's County to live with his son, the sister went with him. Before going there, however, she sold the property to another brother for seven thousand dollars, which she and some of the neighbors thought was about its fair value. HELD:

That the deed from the brother to the sister was made for the purpose of defrauding his creditors, and the two thousand dollars allowed her for services rendered, could not be treated as a *bona fide* payment; but that the deed, which must be set aside, would be allowed to stand as security for the consideration actually paid by the vendee, and the balance arising from the sale of the property would be applied to the payment of the debts of the vendor existing at the date of the execution of the deed.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The bill of complaint in this case was filed by Joseph M. Cone, a creditor of Robert Cross, to set aside a deed from said Cross to his sister Mary Jane Cross, upon the ground that it was without consideration and was made for the purpose of defrauding creditors. The case was heard upon the plaintiff's testimony, the defendants having offered none. The Court (FOWLER, J.,) ruled that the deed was good and valid, not only as between the parties thereto, but also as to subsisting creditors, and passed a decree dismissing the bill of complaint. From this decree the present appeal was taken. The case is further stated in the opinion of this Court.

The cause was submitted on brief to ALVEY, C. J., ROBINSON, IRVING, and McSHERRY, J.

*Frederick C. Cook*, and *Elijah J. Bond*, for the appellant.

*John I. Yellott*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

We are quite well satisfied that the deed from Cross to his sister was made with the intention, on his part at least, of defrauding his creditors. It is not quite so clear, however, that this intention was known to the

grantee. The property conveyed, contained about three acres of land, with a dwelling house and a blacksmith shop upon it. The grantee was the only witness as to the facts connected with the sale, and she says, her brother sold the property because he was going to California. Nothing was said about the price, or about the terms of payment, till just about the execution of the deed, when she said to her brother that the property was worth, she supposed, four thousand dollars, and he said he supposed so too. She had been living with him forty years, and part of this time had kept his accounts, he being a blacksmith by trade, and after the death of his wife, she looked after the household matters, and these services were worth she thought two thousand dollars, and this sum her brother allowed her in part payment of the purchase money; the balance, two thousand dollars, she paid in cash. So much in regard to the facts connected with the sale itself. Her brother, it seems, did not, however, go to California, but remained in the dwelling house nearly a year after the sale, without paying any rent; and then went to Prince George's County to live with his son, and she went with him, and has continued to reside there ever since. Before going, however, she sold the property to another brother, John H. Cross, for *seven thousand dollars*, which she and some of her neighbors thought was about its fair value, and took a mortgage for six thousand dollars to secure the unpaid purchase money. Her brother, John, not being able to pay the mortgage debt, he afterwards, at her request, conveyed the property to the children of her brother Robert, the original grantor. It also appears that Robert Cross was largely indebted at the time of the sale and conveyance to his sister, and had no other property. Some time before the sale, he had become surety for his son-in-law, Krout, on five notes amounting altogether to seventeen hundred dollars, and what

is rather a significant fact, the first of these notes became due just two days before he conveyed this property to his sister.

Now, upon these facts,—and there is no dispute about them,—it seems clear to us, that the deed from Robert to his sister was made for the purpose of defrauding his then existing creditors. The two thousand dollars allowed to her in part payment of the purchase money for services rendered by her, cannot, under the circumstances, be treated as a *bona fide* payment. There was no agreement on his part, it is admitted, to pay for these services at the time they were rendered, nor do we find any facts or circumstances from which an agreement can be inferred. She lived with her brother all these years as one of his family, and without expecting any pecuniary compensation for any services she may have rendered. She carried on, she admits, during this time, her own business as a dress maker and accumulated several thousand dollars. Her board, and the comforts of a home, were no doubt considered both by her brother and herself, as a fair compensation for any service rendered by her. There is no ground on which a claim for *pecuniary compensation* can be sustained. *Bantz vs. Bantz,* 52 *Md.*, 693.

The case, then, is simply that of one, who, being largely indebted, sells to his sister all his property for about one-third of its value. Such an inadequacy of price is a glaring and obvious inadequacy, and the deed although valid as between the parties, will be treated in equity as a voluntary conveyance, to the extent of the difference between the actual consideration paid, and the real value of the property. One cannot make a voluntary conveyance of his property as against the rights of subsisting creditors, nor can he as against such creditors, sell it for a consideration that bears no adequate relation to the real value of the property. In

order to do full justice to all the parties in such cases, a Court of equity in setting aside the deed will allow it to stand as security for the consideration actually paid, and apply the balance to the payment of the vendor's debts. So in setting aside this deed on the ground of inadequacy of consideration, the Court will allow it to stand as security for the two thousand dollars paid by the vendee, and the balance arising from the proceeds of sale to be applied to the payment of the debts of the vendor existing at the time of the execution of the deed.

*Decree reversed, and*
*cause remanded.*

(Decided 18th March, 1890.)