## LOUIS NORBERG ET AL. vs. RECORDS & GOLDS-BOROUGH ET AL.

*Fraudulent Conveyance From Husband to Wife—Exceptions to Evidence.*

A man who was then indebted conveyed certain property to his son for a merely simulated consideration but in reality for the purpose of defrauding his creditors, and the property was at once conveyed by the grantee to the wife of the grantor, also without consideration. *Held,*

1st. That the deeds being in effect a voluntary conveyance from husband to wife, were void as to existing creditors and should be vacated at their instance and the property sold.

2nd. That it was no objection to the decree below that it declared the deeds to be null and void to all intents and purposes, since the decree also directed the proceeds of sale to be distributed under the direction of the Court, thus reserving all equities of the parties, after satisfaction of creditors.

No question as to the admissibility of evidence will be considered on appeal unless an exception to the same was taken below.

Appeal from a decree of Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, and BOYD, JJ.

*William Colton,* for the appellants.

*Herbert Brune* and *Albert C. Tolson* (with whom were *Brown & Brune* and *Chas. E. Cockey* on the brief), for the appellees.

BRISCOE, J. delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court No. 2, of Baltimore City, vacating and declaring null and void a deed from the appellants, Louis Norberg and wife, to his

son, and also a deed simultaneously executed from the son to the wife of the grantor in the first deed, on the ground of fraud. The bill alleges, in substance, that the appellant, Louis Norberg, being indebted unto the appellees, Records & Goldsborough, in the sum of $164.14, executed and delivered on the 9th of December, 1895, to his son, Charles Norberg, for a pretended consideration of $4,000, a deed for a certain lot of ground in the city of Baltimore; and that at the same time a deed was executed by the appellants, Charles Norberg and wife, conveying the same property to the wife of Louis Norberg for the identical consideration.

It is also alleged and charged that these deeds were made for the purpose of hindering and defrauding creditors, and the relief prayed is, that the deeds be declared null and void and the property decreed to be sold " to satisfy the claim of the appellees under a judgment held by them." Subsequently, on March 24th, Joseph H. Straus, one of the appellees, was, by order of Court, made a party plaintiff. The defendants were duly summoned, but failed to either appear or answer the bill, and on the 25th of March, 1896, a decree *pro confesso* was passed. After testimony there was a final decree declaring the deeds " absolutely null and void to all intents and purposes whatsoever," and directing the property to be sold. It is from this decree that this appeal has been taken.

Now it is clear from the testimony that the deed from Louis Norberg and wife to his son, Charles, and the deed from Charles and his wife, to Wilhelmina, the wife of Louis Norberg, was but an attempt to place the title of this property in the wife of Louis, for the purpose of defrauding creditors. It appears from the appellant, Louis Norberg's own testimony, that no money passed as a consideration from his son to him or from his wife to his son, " except as he says they pay me for it some of these days." The deeds then being neither *bona fide*, nor for a good or valuable consideration, and fraudulent in fact, were void *ab initio* and are not to be recognized for any lawful purpose.

*Zimmer* v. *Miller*, 64 Md. 300. A voluntary conveyance from a husband to a wife, is void as against existing creditors. Code, Art. 45, sec. 1.

But it is urged on the part of the appellants, that the decree is erroneous because the deeds are declared to be absolutely null and void to all intents and purposes whatsoever and not merely as to existing creditors. The decree, however, simply adopts the theory of the bill as supported by the evidence, and in doing this, it becomes regular and valid. In the case of *Waters* v. *Dashields*, 1 Md. 455, it was held that if the property passed to the grantee charged with an equity in favor of the then existing creditors and was void only to the extent of their claims, the grantee himself would be entitled to the surplus, after satisfying those debts. Such deeds, however, are said to be void *ab initio* and the property directed to be sold should be dealt with as if the annulled deeds had not existed. And so in *Cone* v. *Cross*, 72 Md. 104, it was held, that one cannot make a voluntary conveyance of his property as against the rights of subsisting creditors. In order to do full justice to all the parties in such cases a Court of Equity in setting aside the deed will allow it to stand as security for the consideration actually paid and apply the balance to the payment of the vendor's debts. *Williams* v. *Banks*, 11 Md. 198. But in this case, now under consideration, no consideration was actually paid, and it being but a voluntary conveyance from a husband to his wife, was absolutely void, under the provisions of the Code, Art. 45, sec. 1. But apart from this the decree directs that the proceeds arising from the sale shall be brought into Court and to be distributed under the direction of the Court, thus reserving all equities of the appellants to participate in the distribution of the proceeds of sale or to assert their rights, if any, against the surplus, after satisfying creditors.

In regard to the admissibility of the testimoney of Louis Norberg, taken in the Superior Court of Baltimore City, in the case of Joseph H. Straus *v.* Louis Norberg, and filed

as evidence in this case, we need only say, that there appears to have been no exception taken, so this objection is not properly before the Court.

Finding no error to justify a reversal the decree will be affirmed.

*Decree affirmed with costs.*