# J. JONES WILSON
### *vs.*
# MARY E. SHAW.

*Voluntary conveyances: husband and wife; creditors' rights;*
*bill to set aside fraudulent deed to wife;*
*parties; heirs at law.*

Upon a demurrer to a bill, the truth of the allegations properly pleaded is to be assumed.                                    p. 58

A voluntary conveyance from a husband to his wife is absolutely void under the provisions of the Code, Article 45, section 1, as against existing creditors.'                          p. 59

Where such a deed is fraudulent in fact and without consideration, the title remains in the grantee for the use of his then existing creditors.                                    p. 60

The grantor of such a deed being dead, a creditor proceeded by a bill against the wife alone, praying that the deed be annulled and the property therein mentioned sold and that the proceeds, after payment of costs, etc., be applied to the payment of the plaintiff's claim. *Held,* that the heirs at law of the grantor should have been made parties and that the bill was demurrable.                                    p. 60

Although the trustee of a dry legal title has no interest in the property, he is a necessary party to any proceedings whereby it is sought to convey, etc.                                    p. 60

*Decided May 10th, 1913.*

Appeal from the Circuit Court for Allegany County, in Equity (HENDERSON, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON and STOCKBRIDGE, JJ.

*J. W. S. Cochrane,* for the appellant.

*A. A. Wilson* submitted a brief for the appellee.

Burke, J., delivered the opinion of the Court.

The appeal in this case was taken by the complainant from an order of the lower Court sustaining a demurrer to the whole bill.

The object of the suit was to secure the cancellation of a deed from Isaac Shaw to his wife, Mary E. Shaw, the appellee, dated in August, 1911, and which purported to convey to her certain real estate in Allegany county. The prayers of the bill are: first, that the deed may be declared null and void, and vacated and set aside; secondly, that the real estate mentioned in the deed may be decreed to be sold and the proceeds applied to the payment of the plaintiff's claim after deducting the costs of the proceedings.

The bill alleged that Isaac Shaw was indebted to the plaintiff at the date of the execution of the deed in the sum of fifty-eight dollars; that he was then insolvent and without means to pay the plaintiff or his other creditors apart from the property conveyed by the deed, and that said conveyance was fraudulently made, and for simulated and not valuable considerations, and was made to hinder, delay and defraud the plaintiff of his claim. The consideration expressed in the deed was five dollars and natural love and affection. The grantor died before the institution of the suit, and the grantee, Mary E. Shaw, is the only party defendant.

The ground of the demurrer is the omission to make the heirs of the grantor parties defendant,—the contention being that if the deed be decreed to be null and void the title to the land would then be in his heirs at law subject to the claims of creditors and that this title could not be divested or transferred to the purchaser at a sale made under a decree unless the heirs at law of the grantor were parties to the suit. It was this reason that induced the lower Court to sustain the demurrer.

Assuming, as we must do upon the demurrer, the truth of the allegations of the bill, the deed must be declared to be null and void.

In. *Norberg* v. *Records,* 84 Md. 568, where property had been conveyed, without consideration, by a husband to his wife with the intent to hinder and defraud his creditors, the Court declared the deed to be "absolutely null and void to all intents and purposes whatsoever," and directed that the property be sold. In that case both the grantor and the grantee were defendants. Judge Briscoe, speaking for the Court, said: "The deeds then being neither *bona fide* nor for a good or valuable consideration, and fraudulent in fact, were void *ab initio* and are not to be recognized for any lawful purpose. *Zimmer* v. *Miller,* 64 Md. 300. A voluntary conveyance from a husband to a wife is void as against existing creditors. Code, Art. 45, sec. 1.

But it is urged on the part of the appellants, that the decree is erroneous because the deeds are declared to be absolutely null and void to all intents and purposes whatsoever and not merely as to existing creditors. The decree, however, simply adopts the theory of the bill as supported by the evidence, and in doing this it becomes regular and valid. In the case of *Waters* v. *Dashields,* 1 Md. 455, it was held that if the property passed to the grantee charged with an equity in favor of the then existing creditors and was void only to the extent of their claims, the grantee himself would be entitled to the surplus, after satisfying those claims. Such deeds, however, are said to be void *ab initio* and the property directed to be sold should be dealt with as if the annulled deeds had not existed. So in *Cone* v. *Cross,* 72 Md. 104, it was held that one cannot make a voluntary conveyance of his property as against the rights of subsisting creditors. In order to do full justice to all the parties in such cases a Court of Equity in setting aside the deed will allow it to stand as security for the consideration actually paid and apply the balance to the payment of the vendors debts. *Williams* v. *Banks,* 11 Md. 198. But in this case, now under consideration, no consideration was actually paid, and it being but a voluntary conveyance from the husband to the wife, was absolutely void, under the provisions of the Code, Article 45,

section 1. But apart from this the decree directs that the proceeds arising from the sale shall be brought into Court and be distributed under the direction of the Court, thus reserving all equities in the appellants to participate in the distribution of the proceeds of sale or to assert their rights, if any, against the surplus, after satisfying creditors."

In this case it is admitted by the demurrer that the deed was fraudulent in fact and was made without consideration, and is, under the principles stated, null and void. In such a state of facts the title to the property remained in the grantor for the use of his existing creditors (*Waters* v. *Dashields,* 1 Md. 455; *Lovejoy* v. *Ireland,* 17 Md. 525), and upon his death devolved upon his heirs at law, and it is necessary that they be made parties in order that a good title may be passed to the purchaser in the event of a sale. It may well be conceded that the deed is good between the parties thereto, that the grantor could not impeach it, and that the proceeds of sale, after satisfying the claims of creditors, are payable to the grantee, as was held in *Downs* v. *Miller,* 95 Md. 602, and in *Norberg* v. *Records, supra.* This consideration does not meet the difficulty in this case. The bill not only asks that the deed be annulled, but that the property embraced in it be sold. As the title to that property was vested in the grantor for the use and benefit of his creditors, it passed upon his death to his heirs at law, and they are therefore necessary parties to the case. The necessity for making them parties was thus tersely and clearly stated by JUDGE HENDERSON in his opinion filed in the Court below: "Now if the deed is void and as if it had never existed, the *title* must be in the heirs, and if it is, it cannot be diverted without making them parties. A trustee of a dry legal title has no interest in the property, but he is a necessary party to any proceedings whereby it is sought to convey the legal title. It is in reality a question of title and not of interest in the proceeds of sale."

> *Order affirmed, with costs and case remanded for further proceedings.*