(Decided 3rd March, 1875.)

---

## CHRISTOPHER C. JACOBS *vs.* WATERS BEALMEAR, and others.

*When an appeal will be Dismissed—From what an Appeal does not lie.*

On the 12th of November, 1873, a decree was passed dismissing the bill of the complainant.  On the 17th of January, 1874, the complainant filed a petition asking the Court to reverse its decree and permit him to take further testimony, or to allow him to dismiss his bill and file another.  On this petition no order was passed suspending the decree, but in August, 1874,

the Court passed an order dismissing the petition. On the 27th of the same month, an appeal was taken both from the decree and the order. HELD :

1st. That the appeal from the decree not having been taken within nine months from its date, could not be entertained.

2nd. That from the order dismissing the petition, no appeal would lie.

APPEALS from the Circuit Court for Anne Arundel County, in Equity.

The bill of complaint in this case, filed by the appellant on the 25th of March, 1872, assailed two deeds of trust from the appellee, Waters Bealmear, to the appellee Cathrine Bealmear, dated respectively on the 3rd of September, 1869, and the 7th of April, 1870. It charged that they were executed with a view of defrauding existing creditors of the grantor, and that they were voluntary and without valuable consideration. The relief prayed was, that these deeds be vacated and annulled, and the property thereby conveyed, or so much thereof as might be necessary, be sold for the payment of the complainant's judgment claim. The answers of the grantor and the trustee and her husband, denied the charges of fraud, and averred that the deeds were executed upon the considerations stated in them and that such considerations were *bona fide.* The other defendants being the infant *cestuis que trust* under the deeds, answered by guardian in the usual form not admitting the truth of the allegations of the bill.

Testimony was taken by the complainant, but there was no proof assailing the truth of the statements in the deeds setting forth the consideration upon which they professed to be executed. The Court, (Full Bench,) held that upon the proof before them, they could not set the deeds aside, either as fraudulent or voluntary conveyances, and thereupon, on the 12th of November, 1873, passed a decree dismissing the bill with costs.

On the 17th of January, 1874, the complainant filed a petition praying the Court to reverse the decree pronounced in the cause, and permit him to take further testimony, or to allow him to dismiss his bill and file another. In August, 1874, the Court, (MILLER, J.,) passed an order dismissing the petition. On the 27th of the same month the complainant appealed.

The cause was argued before STEWART, BRENT, GRASON and ROBINSON, J.

*James H. Hodges,* for the appellant.

*James Revell* and *William H. Tuck,* for the appellee.

BRENT, J., delivered the opinion of the Court.

A motion has been made to dismiss this appeal, and was heard at the same time that the case was argued upon its merits. We would be well satisfied if it could be entertained, as it presents some interesting questions, which have been argued with more than usual ability.

The decree was passed and filed on the 12th day of November, 1873, and the appeal was not taken until the 27th of August, 1874,—more than nine months from the date of the decree. But it is contended that the petition for a rehearing, which was filed before the expiration of the term during which the decree was passed, suspended it, and that the appeal could not be taken until the petition had been finally acted upon, which was not until August, 1874, when it was dismissed. No authority has been cited to sustain this position, and we do not suppose that any can be found. The rule in Equity has been different, and the decree is considered as operative from its date, notwithstanding the filing of a petition for a rehearing, unless a special order has been passed, before it becomes enrolled, suspending it. In the case of *Bennett vs. Bennett,* 5 *Gill,*

463, there was a motion to dismiss upon the ground that the appeal was prayed more than nine months after the date of the decree. The motion was overruled, because the Chancellor, upon the filing of a petition for rehearing, had passed an order, that the decree be set aside and annulled, unless cause be shown within four days of the succeeding term. This was held to be a suspension of the decree, during which time the right of appeal did not exist, but commenced only at the time the suspending order was disposed of. As it was taken within nine months from that date, it was in time and therefore not dismissed. The decision of the Court is based upon the suspending order alone, and it is manifest from their opinion, if there had been no such order the motion to dismiss would have prevailed. In the present case there was no order of suspension passed upon the petition for a rehearing, and the decree cannot be considered as suspended until the final order dismissing it. The appeal from the decree is therefore not in time, and must be dismissed.

There is also an appeal from the order dismissing the petition for a rehearing. This petition presents matters resting within the discretion of the Court below. It has been so well settled, that an appeal will not lie from the exercise of such discretion, that it is unnecessary to cite authorities in support of it. This appeal must also be dismissed.

*Appeals dismissed.*

(Decided 3rd March, 1875.)