(Decided 5th February, 1890.)

ALEXANDER MEGARY, Executor of ALLEN SHIPLEY *vs.* JOHN T. SHIPLEY, KATE BATEMAN and CATHARINE E. EARP.

### *Appeal—Orphans' Court.*

No appeal will lie from an order of the Orphans' Court refusing to rescind a previous order, the right of appeal from which had been lost by delay.

Appeal from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued for the appellees, before ALVEY, C. J., STONE, ROBINSON, IRVING, FOWLER, and McSHERRY, J., and submitted on brief for the appellant.

*Charles E. Wilcox,* for the appellant.

*James Pollard,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

It appears from the record in this case, that Charles E. Wilcox, an attorney, by petition, with the indorsement and approval thereon of the appellant, as executor

of Allen Shipley, deceased, on the 24th of February, 1885, presented to the Orphans' Court a claim against the estate of the testator, of $350 for alleged professional services rendered the executor, the present appellant; and that, on the same day, the Court, by its order, authorized and directed the executor to pay such claim out of funds in his hands, according to the prayer of the petition.    Subsequently, in the statement of his first account, the executor claimed, and was allowed, credit for the amount of the claim of Wilcox, as money paid under the previous order of the Court.    Some considerable time thereafter, the appellees in this case, as legatees, by their petition filed in the Orphans' Court, sought to make the executor charge himself with certain articles of property alleged to have been omitted by him, and by their petition they excepted to the allowance of the claim of Wilcox for $350 as being unjust and unfounded in fact, as a claim against the estate, and prayed that it should be disallowed.    This seems to have given rise to a contest in the Orphans' Court; and thereupon that Court, after reciting that the matter of the petition and exception of the appellees had been fully heard and considered, and stating that it was of opinion that the previous order of the 24th of February, 1885, passed upon the *ex parte* petition of Charles E. Wilcox, allowing him the sum of $350 for professional services, out of the estate of said Allen Shipley, was *improvidently granted*, and the said charge of $350 was far in excess of the amount to which the said Wilcox was entitled, by its order of the 18th of June, 1889, declared that its previous order of February 24th, 1885, should be rescinded, and that the executor should take credit in his account for $200 only, instead of the $350, for the claim made by Wilcox, with the approval of the appellant.    From this latter order the present appellant entered an appeal to this Court, on the 16th of September, 1889, but which appeal was with-

drawn on the 24th of September, 1889, because, as we may suppose, the taking of the appeal was not within time.

On the day that the appeal was withdrawn, the appellant filed in the Orphans' Court a petition in which he alleged that the order of the 24th of February, 1885, was still in force and unaffected by the order of the 18th of June, 1889, but he prayed that the latter order might be revoked, rescinded and annulled; and he assigned various reasons therefor. He alleged that the order of the 18th of June, 1889, was improvidently passed; that it was irregularly passed; that the Court was without authority or jurisdiction to pass such order, and that he had paid the money, and therefore he was entitled to a credit for the full amount of the claim as originally passed. The petition did not pray an answer from the appellees, but they did answer, and proof was taken; and the Court, on the 9th of October, 1889, dismissed the petition. It is from that order that the present appeal is taken.

It is very clear that this appeal does not present any question of the regularity or propriety of the passage of the order of the 18th June, 1889,—the question of the juisdiction of the Orphans' Court being too clear for doubt. If there was any error in that order, of which the appellant could complain, he should have taken a timely appeal, and had the error corrected. For as was properly said by this Court, in *Lefever vs. Lefever*, 6 *Md.*, 478, on an appeal from an order of an Orphans' Court, refusing to revoke a previous order, "If parties could open orders or decrees, on appeal, in this indirect way, it would virtually amount to a repeal of the law limiting the time within which appeals should be taken, and would lead to interminable litigation." It is manifest here that the whole object and purpose of the petition of the appellant, praying a rescission or revocation of the order of the 18th of June, 1889, was simply to obtain a rehearing of the

subject-matter of that order, and thereby. to restore the right of appeal that had been lost. by delay. Such an application is analogous to a motion for a new trial in an action at law, and from its refusal no appeal will lie. *Jacobs vs. Bealmear*, 41 *Md.*, 484; *Waring, et al. vs. Turton, Trustee*, 44 *Md.*, 546. The appeal must be dismissed.

*Appeal dismissed.*

(Decided 5th February, 1890.)