# JOSEPH CRANE *vs.* J. HENRY JUDIK ET AL.

*Specific Performance—Appeal—Petition for Rehearing.*

Specific performance of a contract to buy a ground rent represented to be an " old, irredeemable and well secured rent " will not be decreed when the evidence shows that there is a substantial defect in the title, that the house erected on the lot is not wholly within the lines of the original lease and that the rent is not well-secured.

No appeal lies from an order of a Court of Equity dismissing a petition asking for the rescission of a decree and a rehearing of the case.

Appeal from a decree of the Circuit Court of Baltimore City (HARLAN, C. J.), directing the appellant to pay into Court the sum of $3,100, being the balance of purchase money due by him for the yearly rent he agreed to buy from the appellees ; and also an appeal from an order of the same Court dismissing a petition for a rehearing.

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*William A. Fisher* and *Alfred D. Bernard* (with whom was *Richard Bernard* on the brief ), for the appellant.

*Charler W. Heuisler* and *Harry M. Benzinger* (with whom was *James S. Calwell* on the brief ), for the appellees.

RUSSUM, J., delivered the opinion of the Court.

The bill of complaint in this case was filed in the Circuit Court for Baltimore City to enforce the specific peformance of a contract made by the appellant with the appellee to buy an original ground rent of one hundred and forty dollars *per annum* issuing out of a lot No. 148 Forrest street, near Gay, in said city. The bill was demurred to, and the Court below sustained the demurrer, and on appeal to this Court the cause was remanded, without either affirming or

reversing the decree, under section 36 of Article 5 of the Code, to enable the complainants to amend their bill, and to prove certain facts which are necessary to a recovery and which this Court supposed to exist. *Judik* v. *Crane*, 81 Md. 610. It is necessary to a clear understanding of the case that we should repeat the particulars of the title. In August, 1871, Edmund Law Rogers and wife leased a quadrangular lot of ground on Forrest street to John M. Brock for ninety-nine years, renewable forever, at an annual rent of two hundred and forty dollars. Brock made a mistake, and instead of running his second and fourth lines perpendicular to Forrest street, ran them oblique and parallel with Lowe street, which crossed Forrest street a short distance southwesterly ; and he entered upon and improved the lot thus bounded. The lot thus occupied by Brock takes in, on one side, a small triangle not embraced in the lease, and omits, on the other side, a small triangle which was included in the lease. Brock mortgaged the leasehold according to the lines in the lease, and afterwards, in July, eighteen hundred and seventy-two, executed a surrender of his lease to the reversioners, and received from them, on the same day, a new lease describing by metes and bounds the lot actually occupied by him. The mortgage of the leasehold was foreclosed, and the property conveyed by the description in the *first* lease. In May, 1894, the reversioners conveyed to David S. Collett the rent and reversion reserved in the *second* lease, and he conveyed them to J. Henry Judik, one of the complainants. Since the auction sale of the ground rent to the appellant, Judik and wife have released one hundred dollars of the ground rent, so that the amount now payable is one hundred and forty dollars.

In the opinion remanding the cause (81 Md. 618) this Court said : " Brock's surrender of his lease, and the acceptance of another in its place, could have no effect against the mortgagee, or any tenant holding under the title derived from him. Consequently the second lease and the reservation of rent contained in it would be inoperative to bind the

successive assignees of the original leasehold.   The Court, therefore, properly sustained the demurrer.   But there are other facts very strongly implied, although not stated in the bill.   From the known and ordinary course of business we think it highly probable, in fact almost certain, that the assignees of the original leasehold who can claim title only under the mortgage sale have entered upon and taken possession of the lot enclosed and improved by Brock, and have paid the reversioners the rent reserved.   If so, he has recognized them as tenants, and they have acknowledged him as landlord."   It was then said that "the title is perfectly good, if the facts are as we suppose them to be," and the case was therefore remanded that the complainants might allege and prove them to exist.

The first question therefore is, have the complainants furnished such proof of the existence of these facts as will entitle them to a decree?   We think not.   Of the witnesses who have testified in the cause, Mr. Rogers, Mr. Collett and Mr. Judik are the only persons who could state anything concerning these facts.   After stating that the enclosure coincided with the description in the second lease, Mr. Rogers testified that some of the older tenants paid him rent, but he could not say whether any of the latter tenants had recognized him, or when he last collected any rent, but he thought that the Socrates Building Association was the last to pay any, and it was very remiss in its payments.   It appears that during his ownership of the reversion there were two other succeeding holders of the record title, as originally described, prior to Overton ; Mr. Rogers admits that sometime before the sale of the reversion to Collett the tenants had repudiated him, but he did not know " what kind of repudiation it was."   When we examine the testimony of Mr. David S. Collett and Mr. J. Henry Judik it is discovered that neither of them testify that the assignees of the original leasehold, who claim title under the mortgage, had taken possession of the lot enclosed by Brock, and paid the rent reserved to the reversioner.   Mr. Collett's testimony

indicates that he felt it to be his duty to evade every question, the answer to which would have afforded an opportunity for a truthful and intelligible account of the transactions relating to the property, except in his examination in chief, in which the questions were broadly suggestive of the desired answer, and is altogether too vague and indefinite to be relied on. Mr. Judik's evidence simply establishes the fact that it is possible for a gentleman to have a suit pending for the specific performance of a contract without knowing a single fact relating to it, or its subject-matter, that would be to the benefit or advantage either of himself or the opposite party. The complainants have therefore failed to fulfill the fair expectations of this Court in remanding the cause by furnishing the proof necessary to establish their title.

But was this contract in all respects full, fair and honest in the beginning, and such that may be fairly and conscientiously required to be performed? The ground rent which was sold to appellant was "an old, original, irredeemable and well secured rent for one hundred and forty dollars," on 418 Forrest street, near Gay. This was the statement of the advertisement as well as of the auctioneer. The meaning of this language is that the ground rent offered for sale was well secured and irredeemable, and that it was created for the sum of one hundred and forty dollars and had been in existence many years. The proof is that it was neither an " old " nor an original rent for that sum, but a rent for two hundred and forty dollars *to be reduced* to one hundred and forty dollars. But assuming *ex gratia argumenti* that this makes no difference to the purchaser, was it true that it was " well secured?" In addition to the fact that no such ground rent exists on the property as enclosed and occupied by Brock, the preponderance of the testimony shows conclusively that it was not a well secured rent. And a review of the whole case shows very plainly that the acquisition of the leasehold estate, subject to a rent of two hundred and forty dollars, which had really been abandoned

with several years rent in arrear and which was about to be sold for taxes ; the pretended consideration of sixteen hundred dollars in the agreement between Judik and Overton ; the allegation that all the tenants, down to the time the appellant purchased the property had paid the ground rent of two hundred and forty dollars to Rogers ; the false statement that the Globe Bond Company paid Overton twenty-five hundred dollars for his interest in the property, are only masks assumed to consummate the purpose to preserve the irredeemable feature of this rent, in order that they who controlled it might be able to find a purchaser by representing it as an old, original, irredeemable and well secured rent.   In making the sale of a ground rent of one hundred and forty dollars, under the circumstances of this case, whether fraudulently or innocently, a false impression was conveyed and made the basis of the contract, and the extraordinary jurisdiction of a Court of Equity ought not to be exercised by coercing a specific performance.   *Carberry* v. *Taneyhill*, 1 H. & J. 224 ; *Gurley* v. *Hiteshue*, 5 Gill, 223 ; *Keating, Trustee*, v. *Price*, 58 Md. 535-6.   The decree of the Court below will, therefore, be reversed with costs above and below, and bill dismissed.

*Decree reversed and bill dismissed.*

(Decided June 22nd, 1897).

———————

In disposing of the second appeal, Russum, J. delivered the opinion of the Court.

The appeal in this case is taken from an order of the Circuit Court for Baltimore City dismissing the petition of the defendant for the rescission of the decree passed in this cause, on the 26th day of May, 1896, and for a rehearing. It is settled by repeated decisions in this Court that a petition for a rehearing is in the nature of a motion for a new trial, and is addressed to the sound discretion of the Court,

from the exercise of which no appeal will lie. *Jacobs* v. *Bel-mear*, 41 Md. 487 ; *Zimmer* v. *Miller*, 64 Md. 299.

The appeal must, therefore, be dismissed with costs.

*Appeal dismissed.*