GOLD DUST CORPORATION ET AL. *v.*
LOUIS ZABAWA.
[No. 38, October Term, 1930.]

*Decided December 4th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*William D. Macmillan,* with whom were *Harold Tschudi* and *Semmes, Bowen & Semmes* on the brief, for the appellants.

*Edwin T. Dickerson* and *Lester L. Barrett,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

In this case, one of a claim under the Workmen's Compensation Act, Code, art. 101, two questions are presented. When a claim for compensation has been disallowed by an order of the State Industrial Accident Commission, on the ground that the workman did not sustain an accidental injury arising out of and in the course of his employment, and no appeal has been taken by the workman from that order and no notice of appeal given by him, within the period of thirty days limited in section 56 concerning appeals, can he then, upon an application to the commission for a reopening of the question, and a refusal of his application, prosecute an appeal within thirty days from that refusal? And a second question is whether, if the appeal is then permitted, the trial court could properly submit to a jury, as a question of fact determinable by a jury under the statute, an issue whether the State Industrial Accident Commission "was justified in its refusal to grant the petition of the claimant, Louis Zabawa, to reopen his claim and to allow him such benefits as he may have been entitled to receive under the facts of this case?"

Zabawa, employed by a manufacturer of soap, claimed that he had been injured while at work, in an effort to lift or push a truck or car loaded with soap; and the fact of injury was disputed.

The first order of the commission, passed after a hearing at which the claimant failed to appear, on May 31st, 1928, disallowed the claim. The claimant then filed a petition to reopen the case, explaining his failure to appear at the hearing; and after a reopening and rehearing the commission, on July 11th, 1928, rescinded its earlier order and passed a new order disallowing the claim on the ground that the claimant did not sustain an accidental injury arising out of and in the course of his employment. No appeal was taken and, of course, no notice of appeal was served on any member of the

commission. On September 26th, 1928, a petition for renewal of the hearing in July was filed on behalf of the claimant; and a hearing was held on the petition, testimony was taken from four witnesses, and on November 27th, 1928, the commission by its order denied the petition to reopen the case. And from this order of November 27th 1928, the appeal was taken to the Superior Court of Baltimore City. The employer and insurer moved in that court that the appeal be dismissed, but the motion was overruled.

A jury was sworn to have submitted to them, as provided in section 56, "any question of fact involved in such case," and the court submitted to them the issue drawn as previously stated. The jury answered "no" to that issue, that is, that the commission was not justified in its refusal to reopen the case; and on that answer the commission's decision of November 27th, 1928, was reversed. The present appeal by the employer and insurer is from that judgment entered in the trial court.

The provisions concerning the time for appeals to courts of law (Code, art. 101, sec. 56), are that any employee feeling aggrieved by any decision of the commission affecting his interests under this article may have the same reviewed by a proceeding in the nature of an appeal, and that, "No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the commisson within thirty days following the rendition of the decision appealed from." And, as this court observed of that limitation of time, in *Holland Mfg. Co. v. Thomas,* 136 Md. 77, "This language is positive and mandatory, and we have no power to disregard it. It was evidently intended to secure expedition in the review of the decisions of the commission, and to forbid the hearing of such appeals unless taken within the time limied." The refusal to reopen was a decision, of course, but it was only a decision not to interfere with a previous decision settling the merits of the claim. And it is regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision. By section

30 of article 5 of the Code an appeal is allowed from any final order in equity in the nature of a final decree; nevertheless it is understood that from a final order merely refusing to reopen a previous order or decree no appeal is permitted. *Jacobs v. Bealmear,* 41 Md. 487; *Zimmer v. Miller,* 64 Md. 296; *Crane v. Judik,* 86 Md. 63. "There is a perceptible analogy between an application for a rehearing and a motion for a new trial in a court of law; and in either case the party affected by an adverse ruling cannot invoke the interposition of an appellate tribunal for the correction of supposed errors." *Zimmer v. Miller, supra.* And although, by section 64 of article 5, appeals are allowed from all decisions of orphans' courts, it is considered that no appeals are allowed by that statute from decisions declining to reopen previous decisions. *Hunter v. Baker,* 154 Md. 307, 330; *Megary v. Shipley,* 72 Md. 33. "If parties could open orders or decrees, on appeal, in this indirect way," said the court in *Lefever v. Lefever,* 6 Md. 478, "it would virtually amount to a repeal of the law limiting the time within which appeals should be taken, and lead to interminable litigation."

This general principle must be equally applicable to the statutory allowance of review of any decision of the State Industrial Accident Commission, unless in the Workmen's Compensation Act there is some contrary provision to differentiate it, and we do not see any. Reference is made to section 43 of the act, which expressly provides for a reopening of any claim, for the readjustment or termination of compensation in case of aggravation, diminution or termination of the disability. And in *Bethlehem Shipbuilding Corp. v. Simmons,* 143 Md. 506, this court upheld the right of appeal from the commission's refusal to reopen a case in the exercise of its power thus granted. The court in its opinion referred also to the provision in section 54 that "the powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified." The decision of the court in that case was only that a refusal to

reopen a claim to consider new conditions, arising from aggravation, diminution or termination of injury, was appealable, and in the present case, the court is not concerned with any such new conditions, and the decision in the Bethlehem Company case does not, therefore, dispose of the present one. In the opinion filed in that former case, it was observed that "if the appellant's contention that the commission's order in refusing to reopen a case is a discretionary act, not subject to appeal, were a true exposition of the law, it would be possible for the commission arbitrarily to refuse to reopen a case, thus effectually precluding an employee from ever securing an inquiry into the impaired state of his health, which may be visited upon him in the future as a direct result of the accident." And this broad language was thought by the trial judge in this instance to compel the allowance of an appeal from a refusal to reopen in such a case as the present one. What the court actually held in the extract quoted was that refusal of a reopening to consider aggravation of injury was not permitted. It did not hold that refusal of an application for reopening merely on the question previously decided would be a subject of appeal. If the court had meant to hold that, then it would, without any ground for differentiating them, have been excepting decisions and appeals under this act from the principle generally applied to appeals under such broad statutory provisions for appeal from "any decisions," and it would have been holding that the provision limiting the time for appeals to thirty days after the decision of the commission, positive and mandatory though it is, might always be in effect nullified by the easy expedient of securing at any time a decision not to reopen the previous decision which it is desired to overturn. As there is no limitation upon the number or times of applications for reopening, it would follow that, if an appeal may be allowed from refusal to reopen even when there is no change in the injury, there would be no ground for stopping short of allowing all cases past and future to be carried to the trial courts for review at any time.

The provision, in section 54 of the act, for continuing

jurisdiction in the commission in all cases, and power to make from time to time such modification or change with respect thereto, as in its opinion may be justified, seems to provide nothing more than a power to reopen, and we do not see that it bears upon the right of appeal.

The fact that additional testimony was produced before the commission, at its hearing on the motion to reopen, seems to the court not to render the decision any other than a decision against reopening. The decision would seem analogous to a refusal to grant a new trial upon newly discovered evidence.

It results from these conclusions that the appeal from the commission's ruling should have been dismissed in the court below, and that the judgment of the court should be reversed and the case remanded for the dismissal now. We deem it proper to add, answering the second question raised, that in the opinion of this court a question whether the commission was justified in its refusal to grant the petition to reopen the claim and allow compensation, is not such a question as is to be submitted to a jury under the act. Section 56 provides that, in reviewing a decision of the commission, the court shall determine whether the commission has justly considered the facts concerning injury, whether it has exceeded the powers granted by the article, whether it has misconstrued the law and facts applicable to the case decided: and upon the hearing the court is, upon motion of either party, to "submit to a jury any question of fact involved in such case." The comprehensive question whether the commission was justified in the decision appealed from is the whole case before the court, rather than a question of fact involved in it. The issues should define the questions of fact to be decided.

*Judgment reversed with costs, and case remanded for dismissal.*