SUITLAND DEVELOPMENT CORPORATION ET AL.
*v.* MERCHANTS MORTGAGE COMPANY, ET AL.

[No. 268, September Term, 1968.]

*Decided June 3, 1969.*

44

*Motion for rehearing filed July 2, 1969; denied July 7, 1969 and opinion modified.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*John F. Costello,* with whom was *James S. Gardiner* on the brief, for appellants.

*Melvin J. Sykes,* with whom was *Jerold V. Powers* on the brief, for Merchants Mortgage Company, et al.; *Edward C. Covahey, Jr.,* for appellees Title Company of Maryland, Inc. and J. Elmer Weisheit. Submitted on brief by *Leonard S. Jacobson* for appellee Eugene J. Silverman; and by *John J. Ghingher* and *Winberg & Green* for appellee Ralph Lubow.

MCWILLIAMS, J., delivered the opinion of the Court.

Unlike most of the litigation that works its way up to us, this case, as far as our consideration of it is concerned, begins with the final decree, which we have set forth in full.

"The defendants, Merchants Mortgage Company [Merchants], a body corporate, Charles C. Hoffberger, President and Director of Mer-

chants Mortgage Company, Charles H. Hoff-
berger, Director of Merchants Mortgage Com-
pany, Leroy E. Hoffberger, Vice-President and
Director of Merchants Mortgage Company, Jer-
old C. Hoffberger, Treasurer and Director of
Merchants Mortgage Company, Morton J. Hol-
lander, Director of Merchants Mortgage Com-
pany, Morton Silberman, Director of Merchants
Mortgage Company, Harold V. Keyser, Secre-
tary and Director of Merchants Mortgage Com-
pany, Ralph Lubow, Vice-President and Direc-
tor of Merchants Mortgage Company, and Sol
M. Bank, individually, having been named in the
original Bill of Complaint filed herein; plaintiffs
thereafter having obtained leave of Court to add
as additional defendants J. Elmer Weisheit, Jr.,
Pacy Oletsky, and Eugene J. Silvermann, and
to amend the Bill of Complaint as to defendants
Ralph Lubow and Harold V. Keyser to include
them individually as well as in their capacity as
Officers and Directors of Merchants Mortgage
Company; said additional parties defendant and
Ralph Lubow and Harold V. Keyser having con-
sented to appear and participate in the trial of
this cause without formal pleading or discovery,
upon the previously assigned trial date; the orig-
inal defendants above named having filed formal
written answers, and the parties added by
amendment having answered orally in open
Court at the commencement of trial adopting the
written Answer filed by the original defendants
other than Sol M. Bank, individually.

"The above entitled case came on for hearing
on April 22, 1968 [all dates mentioned are in
1968] and was heard in open Court continuously
from that date up to and including May 2, sav-
ing and excepting only May 1. Plaintiffs pro-
duced numerous witnesses and more than 100
exhibits. At the conclusion of the plaintiff's

case, all defendants made oral motions to dismiss under Maryland Rule 535. The Court heard full argument on said motions from counsel for all parties and, after the determination of the said motions to dismiss heard additional argument on other motions for assessment of costs, fees, and expenses under Maryland Rule 604 b.

"The Court having heard the evidence and argument of counsel, and the proceedings having been submitted and fully considered, it is, thereupon, this 6th day of May, by the Circuit Court for Prince George's County, Maryland, in Equity, pursuant to and for the reasons set forth in its oral opinion rendered from the Bench at the conclusion of the proceedings, which said opinion is hereby incorporated by reference to the same extent as if fully set forth in this Decree,

"ORDERED, ADJUDGED and DECREED as follows:

"(1) The Court finds that the allegations of fraud, collusion, misrepresentation, nondisclosure, conspiracy, and wrongdoing alleged in the Bill of Complaint are unsupported by the evidence; that the said allegations were made without substantial justification and for purposes of delay; and that the evidence produced by the plaintiffs completely vindicates each and every defendant from all the charges, allegations, and reflections upon their character and reputation contained in the Bill of Complaint.

"(2) Accordingly, the Motion to Dismiss under Maryland Rule 535 is granted and *the Bill of Complaint is dismissed as to all defendants.* Specifically and without limitation of the scope of the foregoing dismissal but solely for the purpose of emphasis, the Court adjudicates and denies each and every of the prayers for relief as to each of the plaintiffs, namely:

"I. (a) As to Suitland Development Corporation [Suitland], the prayer that the mortgage between said plaintiff and Merchants Mortgage Company referred to in the evidence, and recorded in Liber 3195, page 382, in the Land Records of Prince George's County, Maryland, be set aside and cancelled.

"(b) The prayer that defendants be enjoined from foreclosing on said mortgage.

"(c) The prayers that plaintiffs have judgment for compensatory damages for interest, costs and expenses, and for exemplary damages, plus costs of this action.

"II. (a) As to R & S Development Corporation [R & S], the prayer that the mortgage between said plaintiff and Merchants Mortgage Company referred to in the evidence, and recorded in Liber 3212, page 206, in the Land Records of Prince George's County, Maryland, be set aside and cancelled.

"(b) The prayer that defendants be enjoined from foreclosing on said mortgage.

"(c) The prayers that plaintiffs have judgment for compensatory damages for interest, costs and expenses, and for exemplary damages, plus costs of this action.

"III. (a) As to Warbling Meadows, Inc. [Warbling Meadows], the prayer that the mortgage between said plaintiff and Merchants Mortgage Company referred to in the evidence and re-

corded in Liber 3434, page 282, in the Land Records of Montgomery County, Maryland, be set aside and cancelled.

"(b) The prayer that defendants be enjoined from foreclosing on said mortgage.

"(c) The prayers that plaintiffs have judgment for compensatory damages for interest, costs and expenses, and for exemplary damages, plus costs of this action.

"IV. (a) As to Beltway-Penn Construction Company, Inc. [Beltway-Penn], the prayer that the mortgage between said plaintiff and Merchants Mortgage Company referred to in the evidence, and recorded in Liber 3276, page 438, in the Land Records of Prince George's County, Maryland, be set aside and cancelled.

"(b) The prayer that defendants be enjoined from foreclosing on said mortgage.

"(c) The prayer that plaintiffs have judgment for compensatory damages for interest, costs and expenses, and for exemplary damages, plus costs of this action.

"(3) The Court finds and specifically declares that each of the said mortgages above referred to is a valid and binding obligation on the part of the respective mortgagors and each of said mortgages, according to the uncontradicted evidence, is and has been in default. The Court having found as aforesaid that the instant proceedings were brought without substantial justification and for purposes of delay by the four

corporate plaintiffs, by and through the individual plaintiffs, Reuben Schwartz and Beulah Schwartz, and that the said Reuben Schwartz and Beulah Schwartz are the real plaintiff parties in interest, the motions of the defendants to require all the said plaintiffs to pay to them the amount of the costs of this proceeding and the reasonable expenses incurred by the defendants in opposing this proceeding, including reasonable attorneys fees pursuant to Maryland Rule 604 b, *is granted,* as prayed in the respective answers heretofore filed by the defendants and renewed orally in open Court at the conclusion of the Court's ruling on the merits under Maryland Rule 535. Counsel for the defendants are granted leave within ten days from the date of this Decree to file a Petition to fix the amounts that the plaintiffs shall be required to pay to the respective defendants under Maryland Rule 604 b, setting forth in detail the costs and reasonable expenses incurred and the services of the respective counsel involved.

"(4) The corporate plaintiffs, Suitland Development Corporation, R & S Development Corporation, Warbling Meadows, Inc., Beltway-Penn Construction Company, Inc., and the individual plaintiffs, Reuben Schwartz and Beulah Schwartz, shall pay the costs of this proceeding." (Emphasis added.)

On 13 May Suitland, R & S, Warbling Meadows and Beltway-Penn filed an appeal "from the order entered * * * on May 6." Apparently because the court signed and filed another order on 6 May they thought it prudent, on 6 June, to file an amended order for an appeal "from the *final* decree entered in this action on May 6." (Emphasis added.) In passing it might be noted that the "amended order" was not filed within the 30 days from the date (and filing) of the "final decree." Maryland Rule

812 a. On 14 June, the chancellor, Bowie, J., passed an order requiring Suitland, R & S, Warbling Meadows, Beltway-Penn *and* Reuben and Beulah Schwartz to show cause, on or before 9 July, "why judgments should not be entered against them, *pursuant to ordering paragraph No. 3 of the Final Decree entered herein on May 6,* for reasonable expenses" (emphasis added) in favor of the appellees, $35,000 of which represented counsel fees. On 28 June the Schwartzes moved to quash the order as to them on the ground that they were not nor had they been parties to the action. On 1 August, however, before the motion raising preliminary objection (filed 28 June) had been heard, Suitland, R & S, Warbling Meadows, Beltway-Penn *"as well as Reuben Schwartz and Beulah Schwartz* (who appear pursuant to Maryland Rule 124 c)" (emphasis added) in answer to the order of 14 June stated that the final decree of 6 May "is without statutory authority," that "said decree is contrary to the substantive law" of the state, that "there was no evidentiary or factual basis" in respect of lack of substantial justification or of delay, and that the Schwartzes were not parties. On 12 August, after a hearing in open court, Judge Bowie entered five "judgments nisi." They are evidenced only by docket entries, the first of which we have set forth in full; the other four, being substantially the same, are abstracted only:

> "1968, August 12th: Judgment Nisi entered in favor of the Defendants, Merchants Mortgage Company, Charles C. Hoffberger, Charles H. Hoffberger, Le Roy E. Hoffberger, Jerold C. Hoffberger, Morton J. Hollander, Morton Silberman, Harold V. Keyser, Ralph Lubow and J. Elmer Weisheit, Jr., and against the Plaintiffs, Suitland Development Corporation, R & S Development Corporation, Warbling Meadows, Inc., Beltway-Penn Construction Company, Inc., Reuben Schwartz and Beulah Schwartz, for

legal services of Jerrold V. Powers, in the amount of Eight thousand and 00/100 ($8,-000.00) Dollars, for services of Melvin J. Sykes, in the amount of Nine thousand two hundred twelve and 50/100 ($9,212.50) Dollars and for miscellaneous expenses in the amount of Four Hundred ninety four and 74/100 ($494.74) Dollars or for a total judgment of Seventeen thousand seven hundred seven and 24/100 ($17,707.24) Dollars with interest from date and costs."

"1968, August 12th: Judgment Nisi entered in favor of * * * [J. Elmer Weisheit, Jr. for the services of Edward C. Covahey, Jr. for $4,240.]

"1968, August 12th: Judgment Nisi entered in favor of * * * [Sol M. Bank for the services of Philip Shinberg for $5,600, the services of Martin S. Becker for $1,085, and for miscellaneous expenses of $98, totaling $6,783.]

"1968, August 12th: Judgment Nisi entered in favor of * * * [Pacy Oletsky for the services of David Freishtat for $3,535, and for miscellaneous expenses of $135, totaling $3,670.]

"1968, August 12th: Judgment Nisi entered in favor of * * * [Eugene J. Silverman for the services of Leonard S. Jacobson for $2,660, and for miscellaneous expenses of $56.50, totaling $2,716.50.]"

On 23 August counsel for appellants filed an order directing the clerk to enter the appeals "filed on April 11,[1] May 13 and June 6 as dismissed for the reason that said appeals were prematurely noted." Immediately thereafter Suitland, the other three corporations "as well as Reuben

---

1. The appeal filed on 11 April 1968 was from the summary judgment in favor of Title Company of Maryland for costs.

Schwartz and Beulah Schwartz (who appear pursuant to Maryland Rule 124 c)" filed a motion to set aside the *"Final Decree of this court entered herein on the 12th day of August"* (emphasis added) alleging that the *Interlocutory Decree* of 6 May was "contrary to law and to the evidence," that the assessment of attorneys' fees was improper and that the Schwartzes "were not parties to this action nor were they otherwise amenable to the decree in question." As the conclusion of argument on the motion in open court on 19 September, Judge Bowie held that the decree of 6 May "was a final decree; it determined all the rights of the parties." He said "there were no matters not completely litigated" as a result of that decree. He pointed out that the 6 May decree had been enrolled and that fraud, mistake or irregularity had not been alleged in the motion to set aside the 6 May decree, as required by Rule 625. He was of the opinion also (and the defendants-appellees conceded) that "the appropriateness of the amounts" of the "judgments nisi" might have been entertained but since there was no argument in this regard he declined to disturb them.

On 24 September the attorneys for "Plaintiff" (in other pleadings they indicated they were acting for the "Plaintiffs") filed an order to enter an appeal which we repeat verbatim.

> "Enter an appeal by the Plaintiffs, REUBEN SCHWARTZ and BEULAH SCHWARTZ to the Court of Appeals from the judgments nisi entered herein on August 12, 1968 and the denial of the motion to set aside judgments nisi entered herein on September 19, 1968."

All of the appellees have joined in a motion to dismiss the appeal which presents the following questions:

> "1. Whether the order for appeal pursuant to which this appeal was taken was filed too late insofar as it attacks the final decree of May 6, because:
>
> "a. The decree of May 6 was final and the

appeal herein was not filed within 30 days of May 6.

"b. The finality of the decree of May 6 was not affected by Maryland Rule 605 a.

"2. Whether the order passed September 19, from which this appeal is purportedly taken, is, so far as it denied appellants' motion to set aside the final decree of May 6, an order from which no appeal is permitted by law."

Perhaps it should first be noted that the appeal of 11 April is clearly beyond the pale. While it was timely filed it was dismissed on 23 August and there is nothing in the record to suggest an attempt to reinstate it.

The appeal of 13 May obviously was in time. If the question were before us for decision something might be made of the fact that this appeal does not specify from which of the two orders of 6 May it was taken. The appeal of 6 June quite as obviously was not in time. Since both of these appeals were dismissed on 23 August the appellants are out in the cold unless, as they argue, the "Final Decree" of 6 May was not really a final decree.

It is unnecessary, in our judgment, to spin out a long discussion or to indulge in the citation of a batch of authorities to establish the finality of the decree of 6 May. Indeed, we suspect any attempt to prove the contrary would be about as futile as shoveling smoke. Judge Bowie called it a final decree; appellants recognized its finality by filing the appeal of 13 May and they actually called it a final decree in the appeal of 6 June. Of course they thought it prudent to rename it "Interlocutory Decree" when they moved, on 23 August, to set aside what they now claim is the "Final Decree" (the "judgments nisi") of 12 August. *Cf. Pinkston v. Swift,* 231 Md. 346, 351 (1963).

Rule 605 a is as follows:

"Where more than one claim for relief is presented in an action, whether as an original

claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Appellants argue that because the amounts of the attorneys' fees were settled on 12 August the decree of 6 May adjudicated "less than all claims" in the case and did not therefore "terminate the action as to any of the claims." The plain language of Rule 605 a indicates that "claim" is used in the sense of a substantive cause of action, "whether as an original claim, counterclaim, cross-claim or third-party claim." It will be recalled that in the decree of 6 May Judge Bowie held that the action was "brought without substantial justification and for purposes of delay" and that he required, in the same decree, the payment of costs, reasonable expenses, "including reasonable attorneys fees pursuant to Maryland Rule 604 b." Thus it is clear that Rule 604 b is the source of the award of counsel fees and this, to be sure, is not a counterclaim. *Cf. Hawkins v. General Motors Acceptance Corp.,* 250 Md. 146 (1968). But even if the award of counsel fees could be said to stem from a counterclaim its allowance was adjudicated by the 6 May decree. There remained to be done only the determination of the amounts.

That the order of 19 September denying the motion to set aside the "judgments nisi" is not appealable seems to have been settled nearly 40 years ago. In *Gold Dust*

*Corp. v. Zabawa,* 159 Md. 664, 666-67 (1930), Chief Judge Bond, for the Court, said:

> "The refusal to reopen was a decision, of course, but it was only a decision not to interfere with a previous decision settling the merits of the claim. And it is regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision. By section 30 of article 5 of the Code an appeal is allowed from any final order in equity in the nature of a final decree; nevertheless it is understood that from a final order merely refusing to reopen a previous order or decree no appeal is permitted. *Jacobs v. Beal-mear,* 41 Md. 487; *Zimmer v. Miller,* 64 Md. 296; *Crane v. Judik,* 86 Md. 63. 'There is a perceptible analogy between an application for a rehearing and a motion for a new trial in a court of law; and in either case the party affected by an adverse ruling cannot invoke the interposition of an appellant tribunal for the correction of supposed errors.' *Zimmer v. Miller, supra.* And although, by section 64 of article 5, appeals are allowed from all decisions of orphans' courts, it is considered that no appeals are allowed by that statute from decisions declining to reopen previous decisions. *Hunter v. Baker,* 154 Md. 307, 330; *Megary v. Shipley,* 72 Md. 33. 'If parties could open orders or decrees, on appeal, in this indirect way,' said the court in *Lefever v. Lefever,* 6 Md. 478, 'it would virtually amount to a repeal of the law limiting the time within which appeals should be taken, and lead to interminable litigation.' "

*See also Grantham v. County Comm'rs,* 251 Md. 28 (1968). Nevertheless we shall set the "judgments nisi" aside because there are no such things in equity. Rule

564. In *Kennedy v. Foley*, 240 Md. 615, 620 (1965) we quoted with approval the comment of Judge Digges in *Pocock v. Gladden*, 154 Md. 249, 253-54 (1928), who said, for the Court:

> "* * * it is our opinion that the date of a decree, in contemplation of section 36 of article 5 of the Code, relating to the time within which appeals from decrees or orders of courts of equity shall be taken, is that date upon which the decree becomes effective and binding, which can only be that date upon which it is filed and becomes a part of the public record of the case. It requires no authority to support this conclusion, as otherwise a court could sign a decree, and by inadvertence retain it in his possession until after the time allowed for appeal therefrom had passed. There is nothing binding in the decree of the court until it is filed, for the simple reason that until it is filed the court could alter or destroy it entirely and substitute some other in its place."

We added, in *Kennedy*, the following:

> "In our judgment * * * [the chancellor's] statements were merely oral opinions, *the stature of which were in no way enlarged by the docket entries.* * * * Under the circumstances the time for appeal * * * cannot begin to run until an order signed by the chancellor is filed with the clerk." *Id.* at 620. (Emphasis added.)

The Schwartzes complain that they were not parties to the case and that consequently the final decree of 6 May must be inoperative as against them. It will be recalled that the bill of complaint was filed "by and through" them and that they signed it as "stockholders." Counsel for Schwartz repesented him as being "really the principal plaintiff * * * the prime owner in the four corporations." He was present in court throughout the trial. The evidence clearly indicates that the corporations

were mere shells and that the Schwartzes personally guaranteed the payment of the mortgages. Judge Bowie found that the Schwartzes were "the real parties in interest." It is not altogether clear whether the decree of 6 May bound them to the payment of counsel fees but that question no longer requires an answer because the Schwartzes thereafter sort of backed into the jurisdiction of the court below or, as we said in *Metropolitan Auto Sales Corp. v. Koneski*, 252 Md. 145, 152 (1969), they "proceeded to paint * * * [themselves] into a corner." Although their motion, filed 28 June, raising preliminary objection had not yet been ruled on they answered the show cause order of 14 June and attacked the decree of 6 May on the merits. For some reason, best known to their counsel, they appeared "pursuant to Rule 124 c." In this regard *McCormick v. St. Francis De Sales Church*, 219 Md. 422 (1959), seems to be conclusive. Judge Henderson (later Chief Judge), for the Court, said:

> "Maryland Rule 124 c provides: 'Special appearances are abolished. The filing of a motion raising a preliminary objection shall be treated as an appearance for the limited purpose for which the motion is filed.' The Committee note indicates that 'This Rule abolishes the neceessity of special appearances and puts the emphasis on the nature of the defense asserted rather than the method by which it is asserted.' The rule was referred to in *Naylor v. Naylor*, 133 A. 2d 74 (Md.), and *Naylor v. Naylor*, 217 Md. 615, 622, 143 A. 2d 604, but we found it unnecessary to construe it. In *Keen v. Keen*, 191 Md. 31, 41, we recognized that a special appearance may be filed for the purpose of questioning the jurisdiction of the court, or if it be desired to quash summons or other proceedings, but we said: 'if an appearance, no matter how characterized, is in effect a general appearance, it will have the result of binding the party appear-

ing in subsequent proceedings in this case.' In the instant case the assertion of defenses on the merits, in the motion to strike the declaration, was an invocation of the jurisdiction of the court, even though, procedurally, it was improperly coupled with the motion to quash. We think the filing of the motion operated as a general appearance and constituted a waiver of the preliminary objection. A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction. * * * We hold that the court erred in granting the motion to quash under the circumstances." *Id.* at 428-29.

To the same effect *see Metropolitan Auto Sales, supra.* While the court's jurisdiction over them may have been touch and go up to that time (1 August) their answer to the show cause order locked them in once and for all. We think their personal liability for expenses, including counsel fees, has been established.

In view of what has been said the appeal will be dismissed and the case will be remanded for the extirpation of the "judgments nisi." That counsel will submit petitions for the passage of an appropriate decree is inevitable and we have no doubt that the chancellor will be sensitive to the amenities of the situation and that the decree he will sign and file will accomplish substantially what was intended by the "judgments nisi."

> *Appeal dismissed. Case remanded for further proceedings generally conformable to the views expressed in this opinion. Costs below to abide the result of any further proceedings. Costs in this Court to be paid by the appellants.*